NO. 12-01-00312-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


STEVEN WARREN,
§
 APPEAL FROM THE 114TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

MEMORANDUM OPINION (1)


 Steven Warren ("Appellant") appeals his conviction for injury to a child, for which he was
sentenced to imprisonment for sixteen years and fined five thousand dollars. Appellant raises two
issues on appeal. We affirm.


Background

 On April 16, 2001, Caroline Chester ("Caroline") and her two daughters, Yolanda and
Katrina, drove to see Appellant, the children's father, at Appellant's mother's house. Once there,
Caroline and Appellant engaged in an argument, which erupted into a physical confrontation. The
police were contacted and two officers arrived on the scene shortly thereafter. Caroline, Yolanda
and Katrina all gave written statements to the police. In her written statement, Katrina stated that
Appellant struck her in the head with a stick while she was attempting to restrain him. Caroline told
Officer Robert Shane Smith at the scene that Appellant struck Katrina in the head with a stick. 
Appellant admitted to Officer Marlin Suell ("Suell") at the scene that he had struck Katrina in the
head with a stick during the physical confrontation. At trial, Caroline, Yolanda and Katrina each
testified that they had lied in their report to the police. Katrina and Yolanda testified that Katrina
had hit her head on the car door upon exiting the vehicle.


Legal Sufficiency

 Legal sufficiency is the constitutional minimum required by the Due Process Clause of the
Fourteenth Amendment to sustain a criminal conviction. See Jackson v. Virginia, 443 U.S. 307,
315-16, 99 S. Ct. 2781, 2786-787, 61 L. Ed. 2d 560 (1979); see also Escobedo v. State, 6 S.W.3d
1, 6 (Tex. App.-San Antonio 1999, no pet.). The standard for reviewing a legal sufficiency
challenge is whether any rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt. See Jackson, 443 U.S. at 320, 99 S. Ct. at 2789; see also Johnson v.
State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most
favorable to the jury's verdict. See Jackson, 443 U.S. at 320, 99 S. Ct. at 2789; Johnson, 871
S.W.2d at 186. A successful legal sufficiency challenge will result in rendition of an acquittal by
the reviewing court. See Tibbs v. Florida, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-218, 72 L. Ed.
2d 652 (1982).

 In the case at hand, Appellant was charged with intentionally or knowingly causing bodily
injury to Katrina Chester, a child younger than fifteen years of age, by striking with a stick. (2) 
Appellant argues that there is no evidence to satisfy the required element of intent. A person acts
knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his
conduct is reasonably certain to cause the result. Tex. Pen. Code. Ann. § 6.03(b) (Vernon 1994). 
The evidence in this case demonstrates that (1) Appellant swung a stick, striking a windshield of a
car, thereby causing the windshield glass to break, (2) Appellant threatened to kill Caroline, Yolanda
and Katrina, (3) Appellant was swinging the stick while Katrina was attempting to restrain him, and
(4) Appellant stated that he hit Katrina in the head with the stick while he was engaged in a physical
confrontation. We conclude that Appellant was aware of the damage he could inflict because he had
broken the windshield of a car by striking it with the stick. Considering Appellant's awareness of
the damage he was able to inflict by swinging the stick, it can be reasonably inferred that Appellant
knew that swinging the stick during a physical confrontation while in such close proximity to his
daughter, Katrina, was reasonably certain to cause her to suffer bodily injury. Therefore, we hold
that the evidence was legally sufficient to support Appellant's conviction of injury to a child. 
Appellant's first issue is overruled.


Factual Sufficiency

 Turning to the factual sufficiency review process, we first assume that the evidence is legally
sufficient under the Jackson standard. See Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App.
1996). We then consider all of the evidence in the record related to Appellant's sufficiency
challenge, not just the evidence which supports the verdict. Id. We review the evidence weighed
by the jury which tends to prove the existence of the fact in dispute, and compare it to the evidence
which tends to disprove that fact. See Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App.
1997). We may disagree with the factfinder's determination, even if probative evidence exists which
supports the verdict. See Clewis, 922 S.W.2d at 133. However, our evaluation should not
substantially intrude upon the jury's role as the sole judge of the weight and credibility of witness
testimony. See Santellan, 939 S.W.2d at 164. Where there is conflicting evidence, the factfinder's
verdict on such matters is generally regarded as conclusive. See VanZandt v. State, 932 S.W.2d 88,
96 (Tex. App.-El Paso 1996, pet. ref'd). We will reverse only when the verdict is against the great
weight of the evidence presented at trial so as to be clearly wrong and unjust. See Clewis, 922
S.W.2d at 134.

 In the case at hand, Appellant argues that since Katrina, who was the victim, Caroline and
Yolanda all admitted to filing false reports with the police, the evidence is factually insufficient to
support Appellant's conviction. We iterate that our evaluation should not substantially intrude upon
the trial court's role as the sole judge of the weight and credibility of witness testimony. See
Santellan, 939 S.W.2d at 164. As Caroline, Yolanda and Katrina had admitted to lying in the past,
it follows that the trial court was entitled to assume that their trial testimony was not credible. See,
e.g., Thompson v. State, 54 S.W.3d 88, 97 (Tex. App.-Tyler 2001, no pet.). Moreover, although
Appellant sought to call into question Suell's memory concerning the exact language used by
Appellant at the scene when he admitted to striking Katrina with a stick, the trial court could
nonetheless accept Suell's testimony as true. Our review of the record uncovers no great weight of
evidence to cause us to conclude that the verdict is clearly wrong and unjust. Therefore, we hold that
the evidence was factually sufficient. Appellant's second issue is overruled.

 The judgment of the trial court is affirmed.


Opinion delivered May 31, 2002.

Panel consisted of Worthen, J. and Griffith, J.





























(DO NOT PUBLISH)
1. See Tex. R. App. P. 47.1.
2. See Tex. Pen. Code. Ann. § 22.04 (Vernon Supp. 2002).